1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF WASHINGTON**

9

Case No. 1:14-cv-03183-JPH

10

KAREN DIXON,

11

                Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

12

vs.

13

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

14

15

              Defendant.

16

17

     **BEFORE THE COURT** are cross-motions for summary judgment. ECF No.

18

15, 20. Attorney D. James Tree represents plaintiff (Dixon). Special Assistant

19

United States Attorney Benjamin Groebner represents defendant (Commissioner).

20

Plaintiff filed a reply. ECF No. 21. The parties consented to proceed before a

magistrate judge. ECF No. 6. After reviewing the administrative record and the

ORDER  ~ 1

briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 20.

## JURISDICTION

Dixon protectively applied for disability insurance benefits (DIB) and supplemental security income disability benefits (SSI) on August 17, 2010, alleging onset beginning July 1, 2005 (Tr. 216-31, 232-41 ). The claims were denied initially and on reconsideration (Tr. 130-144, 147-158). On January 23, 2013, Administrative Law Judge (ALJ) Tom L. Morris held a hearing.  Plaintiff, represented by counsel, and a vocational expert testified  (Tr. 42-83). On March 29, 2013, the ALJ issued an unfavorable decision (Tr. 21-34). The Appeals Council denied review on September 26, 2014 (Tr. 1-5), making the ALJ's decision final. On December 1, 2014, plaintiff filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Plaintiff was 45 years old when she applied for benefits and 47 at the hearing. She graduated from high school and earned a two-year degree in chemical dependency studies. She has worked as a bookkeeper, administrative clerk and billing clerk. She last worked in 2003 and had an unsuccessful work attempt in 2005.

Plaintiff lives with her mother. Activities include reading, writing, cooking, driving and using a computer. She underwent spinal fusion surgery in March 2012. She alleges physical and mental limitations (Tr. 45, 47, 67, 72, 252, 260, 370, 623-34).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a

medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9ᵗʰ Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9ᵗʰ Cir. 1987).

## ALJ'S FINDINGS

The ALJ found Dixon was insured through March 30, 2006 (Tr. 21, 23). At step one ALJ Morris found Dixon did not work at SGA levels after onset  (Tr. 23).

At steps two and three, he found Dixon suffers from degenerative disc disease status post L5-S1 fusion, an impairment that is severe but does not meet or medically equal a Listed impairment  (Tr. 23, 26). The ALJ found Dixon less than fully credible (Tr. 27-32). He found she is able to perform a range of light work  (Tr. 26).  At step four, relying on a vocational expert, the ALJ found Dixon is able to perform her past relevant work as an administrative clerk (Tr. 32). Alternatively, at step five, again relying on a VE,  the ALJ found Dixon can perform other jobs, such as small product assembler inspector and hand packager and housekeeper/cleaner (Tr. 33-34). Accordingly, the ALJ found Dixon is not disabled as defined by the Act  (Tr. 34).

## ISSUES

Dixon alleges the ALJ erred when he evaluated the medical evidence and assessed credibility. She alleges the requirements of the credit-as-true rule are satisfied and the case should be remanded for payment of benefits ECF No. 15 at 8; 21 at 1-10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 20 at 2.

## DISCUSSION

*A. Credibility*

Dixon alleges the ALJ's credibility assessment is not properly supported. ECF No. 15 at 9-15.

ORDER  ~ 7

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

Plaintiff alleges she is unable to work because of back pain, depression and anxiety. The ALJ is correct that the medical record contradicts claimed disabling limitations.

Before back surgery plaintiff had two injections to relieve back pain. In March 2011 examining physician James Opara, M.D., opined plaintiff could stand and walk a total of two hours in an eight hour day and sitting was unlimited.     She underwent spinal fusion surgery in March 2012. [She was insured for DIB purposes through March 30, 2006.] Six weeks later she reported she had absolutely no lower extremity pain or weakness, only minimal residual lower lumbar discomfort. She has

been active every day.  In October 2012 she told her neurosurgeon's office the surgery results in essence have "given her back her life." She is now back doing many activities she was unable to do before the surgery. At the hearing plaintiff testified she does not take pain medication (Tr. 29, 62, 341, 362, 453, 551,623-24, 627, 693).

Daily activities are inconsistent with the limitations alleged. Plaintiff says she uses a computer to check email and do research, drives, cooks, shops, takes care of her dog and writes. She has helped her mother who has a serious health problem, including running errands for her. She has taken her daughter in law to work and picked her up, at the same time she was taking her grandchildren to school and attending college. She has cared for her grandchildren. She talks to a friend daily. She attended college full time from 2009 until 2012 when she earned a two year degree. This is inconsistent with Plaintiff's reports that depression makes her unable to get out of bed (Tr. 25, 60, 64, 66, 273, 275-76, 313, 336-37, 356, 369, 372, 434, 532).

The ALJ considered plaintiff's activities inconsistent with claimed physical limitations. In July 2008 plaintiff reported she was carrying a heavy object while moving to another residence. In March 2011 she reported she could sit comfortably for two to three hours and drive or ride in a car for about three hours and lift or carry

ten pounds. She also reported she has good computer skills and can be on the computer for three hours (Tr. 27, 356, 360, 451).

In April 2010 treating physician Venugopal Bellum, M.D., notes plaintiff has never had physical therapy and takes no pain medication  (Tr. 436). Following back surgery plaintiff has received conservative treatment or no treatment. She does not take any pain medication. She has failed to follow recommended medical treatment, including take medications as prescribed, without adequate explanation. She has had no mental health treatment since 2010 (Tr. 62, 453).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). Unexplained or inadequately explained failure to seek treatment diminishes credibility. *Tommasetti v. Astrue*, 533, F.3d 1035, 1039 (9th Cir. 2008); Unexplained or inadequately explained failure to comply with treatment diminishes credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

 The ALJ's credibility assessment is fully supported by the evidence and free of harmful error.

ORDER ~ 10

*B. Medical evidence: Dr. Orr and Ms. Anderson*

Plaintiff alleges the ALJ failed to properly credit the opinions of treatment providers Flint Orr, M.D., and Elizabeth Anderson, PAC. ECF No. 15 at 15-20. The Commissioner responds that the ALJ appropriately weighed the evidence. ECF No. 20 at 12-18.

The Commissioner is correct.

On July 5, 2011, Elizabeth Anderson, PAC, completed a form for DSHS. The record indicates this was the date she initiated care (Tr. 542). She opined work functioning was impaired, deteriorating and she expected functioning would be impaired for twelve months. Plaintiff had no postural restrictions but back bending restricted fine or gross motor skills, worsens plaintiff's condition and increases pain. Anderson indicates no physical evaluation was performed for her incapacity evaluation (Tr. 29, referring to Tr. 537-38; 681).

The ALJ gave this opinion little weight because Ms. Anderson is not an acceptable medical source, she did not provide a detailed opinion of plaintiff's functioning, such as how long she could stand or how much she could lift, and, although she submitted treatment records with the assessment, the records lacked any objective findings to support her opinions, such as reports of decreased strength or positive straight leg raising tests, to support her opinion (Tr. 29).

The ALJ is correct. A nonacceptable ("other source") medical source's

opinion, such as that of a physician's assistant, may be rejected for germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9ᵗʰ Cir. 2012)(citations omitted). An ALJ may reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9ᵗʰ Cir. 2005).    The ALJ's reasons are germane.

Next, in June 2012, three months after back surgery, Anderson gave another opinion of plaintiff's functioning. She notes lumbar back pain is improving post surgery, including left leg numbness/pain and depression. Plaintiff needs to lie down during the day due to pain and fatigue. She is taking several prescribed medications that cause drowsiness and is completing physical therapy. Ms. Anderson expected back pain "should improve over the next six months," plaintiff is unable to work "in the short term" and depression and PTSD are currently well controlled (Tr. 29, referring to Tr. 681-82). The ALJ notes the PA is "clearly assessing reasonable short term limitations" related to plaintiff's back surgery, and again, there is no detailed opinion of plaintiff's functional abilities (Tr. 29). Both are correct.

Also in June 2012, Anderson completed a more detailed form describing plaintiff's functioning. She opined plaintiff can sit for most of the day and walk or stand for brief periods; lift a maximum of 15 pounds, and frequently carry two pounds. Training or employment activities are appropriate and limitations are expected to last twelve months. She is unable to work at this time due to her

neurosurgeon's restrictions. Dr. Orr also signed this assessment (Tr. 29, referring to Tr. 684-87).

The ALJ gave some weight to this opinion, finding it contains limitations that are reasonable during a recovery period expected to last less than twelve continuous months and shows the treatment provider did not expect plaintiff would be so functionally limited long-term (Tr. 30).

In January 2013 Dr. Orr attached a note to Ms. Anderson's June 2012 opinion (Tr. 750). He indicated he reviewed the case and Ms. Anderson's recommendations "with which I concurred; subsequent neurosurgery notes (through October 2012) substantiated ongoing activity restrictions following lumbosacral surgery" (Tr. 750).

The ALJ notes there is no evidence Dr. Orr personally examined plaintiff (Tr. 30). He notes Ms. Anderson's records do not contain more recent objective findings to continue to support the degree of limitation Dr. Orr endorses, the neurosurgeon's records report good examination findings, and plaintiff reported she was doing well engaging in many activities (Tr. 30, 693).

The ALJ is correct. As a reviewing physician, Dr. Orr's opinion is entitled to less weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr 9, 1996)(the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician). Four months after surgery, In July 2012, plaintiff told the treating neurosurgeon's physician's assistant she was doing quite

well and feels well (Tr. 717). As the Commissioner accurately points out, she also did well on examination. ECF No. 20 at 18, referring to Tr. 717. About a month later plaintiff reported she was taking care of her mother (Tr. 695).

The ALJ's reasons are specific, legitimate and supported by substantial evidence. An ALJ may reject a medical opinion if is brief, conclusory and inadequately supported by clinical findings. *Bayliss,* 427 F.3d at 1216.

As noted, as a non-acceptable source, Ms. Anderson's opinion need only be rejected by germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ's reasons are germane. Ms. Anderson's opinion is contradicted by other evidence, including plaintiff's self-reported activities.

C. *Psychological impairments*

Plaintiff alleges the ALJ should have found at step two she suffers severe mental impairments that limit her functioning. ECF No. 15 at 21-24. The Commissioner responds that, although plaintiff's records show evidence of psychological impairments, the ALJ correctly determined they were not severe. ECF No. 20 at 3.

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). If an

adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. *Webb*, 433 F.3d at 687, citing S.S.R. No. 85-28 (1985).

The ALJ stated:

"The claimant's medically determinable impairments of affective disorder, anxiety disorder and history of substance addictions, considered singly and in combination, do not cause more than minimal limitation and are therefore nonsevere. The claimant was also diagnosed with an obsessive compulsive disorder and antisocial personality features. Similarly, there is no evidence these impairments significantly limit the claimant's ability to perform basic work activities" (Tr. 24).

In 2010 Kathleen Schormann, MHP and a medical doctor (whose signature is illegible) conducted a DSHS psychological examination. They did not observe reported symptoms of depression or anxiety. They opined plaintiff had no limitations in most areas of cognitive and social functioning, with a mild limitation in following complex instructions and working with the public (Tr. 31). They also opined plaintiff would only be this limited up to eight months with mental health treatment. (Tr. 31-32, citing Ex. 1F/24, 12F). The ALJ credited this opinion in part because it is consistent with plaintiff's ability to engage in a wide range of activities such as completing a college degree, driving, shopping, cooking and housework (Tr. 32).

On March 16, 2011, Roland Dougherty, Ph.D., evaluated plaintiff (Tr. 350-58). Plaintiff told him she had never had mental health counseling, took Paxil for a year and it was not helping. She has been clean and sober since 2008. She attends AA meetings at least three times a week. She had just completed one year at a community college and earned excellent grades. Her goal was to become a chemical dependency counselor (Tr. 351-54). Dr. Dougherty diagnosed dysthymia, PTSD, obsessive compulsive disorder, substance abuse in sustained remission and antisocial personality features. He opined she should be able to understand, follow and remember at least simple directions and probably complex directions if not under much stress (Tr. 357). The ALJ credited this opinion (Tr. 31).

Plaintiff alleges the ALJ erred when he found psychiatric symptoms are "not significantly limiting because Ms. Dixon has not sought more extensive mental health treatment." She alleges she did not seek counseling because she lacked insurance coverage. ECF No. 15 at 22, citing Tr. 24, 443. The ALJ notes plaintiff testified she has not sought mental health treatment since 2010 (Tr. 24, 69). At the hearing she did not give a reason for the lack of treatment.

Plaintiff alleges the record shows she has significant psychiatric symptoms resulting from decades of abuse. She cites Tr. 60 (plaintiff's own testimony); 257(plaintiff's unreliable self-report); 272 (same); 290 (same).

She next cites evaluations at Tr. 311-17 (MSW's opinion); 317-25 (M.Ed.'s

opinion); 326-33 (MSW's opinion). ECF No. 15 at 22. She then cites Tr. 257 (plaintiff's unreliable self-report); 272 (same); 282 (same); 315 (MSW's opinion); 335 (MHP and M.D, quoting plaintiff's description of symptoms); 347 (at a pain management appointment, plaintiff's description of psychological symptoms); 434 (complains of fatigue and excessive sleepiness, could possibly be related to metoprolol, depression or hypothyroidism); 453 (again complains of fatigue and excessive sleepiness, spouse says has never been compliant with prescribed medication and at this time has been off of medication for a month); 681 (opinion of a physician's assistant); 695 (same). ECF No. 15 at 23.

The ALJ was not required to credit these opinions over those of the examining sources  (Drs. Dougherty and the M.D. who co-signed Ms. Schormann's evaluation). Nor was he required to credit plaintiff's discredited descriptions of her symptoms.

The ALJ is correct that opinions plaintiff suffers psychological limitations are inconsistent with her demonstrated functioning. She attended college full time, spending four hours a day at school, earned good grades and did two to three hours of homework a night from 2009 through 2012 (Tr. 28, 63-64, 356, 434).

Plaintiff has not sought mental health treatment since 2010. In 2011 she reported the antidepressants she has taken for two years have helped her depression (Tr. 369). She has been noncompliant with taking prescribed medications. All of these factors fully support the ALJ's determination plaintiff does not suffer a severe

mental impairment.

The ALJ's reasons for rejecting some opinions are specific, legitimate and supported by the record. An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions given in formats that provide little opportunity for the physician to explain the bases of their opinion, such as check-box forms, are entitle to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Moreover, plaintiff said she did not want to work while she was attending classes because her grades would drop. She has engaged in a wide range of activities, including at times caring for her mother who has significant CVD issues and providing daily transportation for family members (Tr. 28, 336-37, 695). This indicates much greater ability than alleged.

Dixon alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will

support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error. Accordingly, it is unnecessary to address plaintiff's credit as true argument.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 23rd day of December, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 19